**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| In re: | : | MDL Docket No. 4:03-CV-01507-WRW |
| | : | 4:07-CV-00576-WRW |
| PREMPRO PRODUCTS LIABILITY LITIGATION | : | |
| | : | |
| LESTER BRYANT, Administrator of the Estate of Juanita Bryant | : | PLAINTIFF |
| | : | |
| v. | : | |
| | : | |
| WYETH, et al. | : | DEFENDANTS |

**ORDER**

Pending is Defendants' Motion to Dismiss for Lack of Personal Jurisdiction (Doc. No. 7). Plaintiff has responded (Doc. No. 21), and Defendants ("Vendor Defendants")[1] have replied (Doc. No. 22). For the reasons set out below, Defendants' Motion (Doc. No. 7) is GRANTED.

**I.   BACKGROUND**

Plaintiff alleges that the Vendor Defendants were engaged in consumer fraud, misrepresentation, civil conspiracy, and aiding and abetting the improper and unlawful marketing, advertising, and promotion of hormone therapy medications.[2] Plaintiff Lester Bryant is the administrator of decedent Juanita Bryant's estate -- Juanita Bryant died of breast cancer allegedly caused by her ingestion of hormone therapy medications manufactured by Wyeth.[3] Decedent Juanita Bryant was a resident of Patriot, Ohio, and her prescribing doctor was based in

---

[1]DesignWrite LLC, DesignWrite, Inc., Ketchum, Inc., and Saatchi & Saatchi Healthcare Communications, Inc.

[2]Doc. No. 21.

[3]*Id.*

1

Point Pleasant, West Virginia.[4]  Plaintiff asserts that West Virginia may exercise personal jurisdiction over the Vendor Defendants; the Vendor Defendants disagree.

Defendant DesignWrite, LLC is a medical education and communications limited liability company formed in Delaware with its principal place of business in Princeton, New Jersey.[5] DesignWrite, LLC is the successor-in-interest of DesignWrite, Inc. (collectively with DesignWrite, LLC, "DesignWrite"), a New Jersey corporation that had its principal place of business in New Jersey.[6]  DesignWrite neither maintains offices in West Virginia, has employees in West Virginia, nor conducts regular business in West Virginia.[7]  DesignWrite has performed communications work for Wyeth in connection with Wyeth's hormone therapy medications, including continuing medical education; however, none of DesignWrite's work for Wyeth was performed in or connected with West Virginia.[8]

Defendant Ketchum Inc. ("Ketchum"), a public relations firm, is a Delaware corporation with its principal place of business in New York, New York.[9]  Ketchum does not maintain offices, have employees, or conduct continuous business in West Virginia..[10]  None of Ketchum's public relations work for Wyeth was carried out in West Virginia; no spokespersons

---

[4]*Id*.

[5]Doc. No. 8, Ex. A.

[6]*Id*. DesignWrite, LLC purchased the assets of DesignWrite, Inc. in 2005. *Id*.

[7]*Id*.

[8]*Id*. DesignWrite was not involved with continuing medical education programs in connection with Wyeth's hormone therapy medications until after 1999. Decedent Juanita Bryant ingested Wyeth products from 1997-1999. Doc. No. 21.

[9]Doc. No. 8, Ex. B.

[10]*Id*.

with whom Ketchum worked on Wyeth's behalf were based in West Virginia; and Ketchum has not made any local outreach efforts in West Virginia on Wyeth's behalf.[11]

Neither Defendant Saatchi & Saatchi Healthcare Communications, Inc. nor its predecessor (collectively "Saatchi") have had substantial contacts with West Virginia.[12] Saatchi, an advertising and marketing firm incorporated in New York with its principal place of business in New York, does not maintain offices, have employees, or conduct continuous business in West Virginia.[13] While Saatchi created advertisements and conducted medical education programs for Wyeth in connection with Wyeth's hormone therapy medications, Saatchi had no contact with West Virginia while performing its duties -- Saatchi employees or agents never traveled to West Virginia; Saatchi did not hire any vendors in West Virginia; and Saatchi did not conduct medical educations programs in West Virginia.[14]

## II. DISCUSSION

A transferee court applies the law of the circuit in which it is located to issues of federal law.[15] It is well settled in the Eighth Circuit that when a state's "long-arm statute is coextensive with constitutional limits, we need only determine whether the assertion of jurisdiction over this

---

[11]*Id*.

[12]Doc. No. 9, Ex. C.

[13]*Id.* Saatchi is the successor to Klemtner, an advertising and marketing firm that was incorporated in New York with its principal place of business in New York. *Id*. Klemtner no longer exists as a separate entity. *Id*.

[14]*Id*.

[15]*Knouse v. Gen. Am. Life Ins. Co.* (*In re Gen. Am. Life Ins. Co.*), 391 F.3d 907, 911 (8th Cir. 2004).

defendant offends due process."[16] The Fourth Circuit has held that the West Virginia long-arm statute "is coextensive with the full reach of due process . . . ."[17] Because West Virginia's long-arm statute is coextensive with constitutional limits, the issue is whether West Virginia's exercise of personal jurisdiction over the Vendor Defendants violates due process.

To satisfy due process, a defendant must have sufficient "minimum contacts" with the forum state and must have "purposefully avail[ed] itself of the privilege of conducting activities within the forum State . . . ."[18] The Eighth Circuit considers five factors when evaluating minimum contacts: "(1) the nature and quality of contacts with the forum state; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) convenience of the parties."[19] The first three factors are of primary importance, and the third factor is used to distinguish between specific and general jurisdiction.[20] "Specific jurisdiction refers to jurisdiction over causes of action arising from or related to a defendant's action within the forum state."[21] Placing goods into the stream of commerce, without further action, is not an act purposefully directed toward

---

[16] *Johnson v. Woodcock*, 444 F.3d 953, 955 (8th Cir. 2006); *Epps v. Stewart Information Service Corp.*, 327 F.3d 642, 647 (8th Cir. 2003).

[17] *Owens-Illinois, Inc. v. Rapid Am. Corp.* (*In re Celotex Corp.*), 124 F.3d 619, 627 (4th Cir. 1997).

[18] *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-75 (1985).

[19] *Burlington Indus. v. Maples Indus.*, 97 F.3d 1100, 1102 (8th Cir. 1996).

[20] *Id.*

[21] *Sondergard v. Miles, Inc.*, 985 F.2d 1389, 1392 (8th Cir. 1993) (citing *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414-16 (1984)).

the forum state.[22]  "General jurisdiction . . . refers to the power of a state to adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose."[23]

Regarding "the nature and quality of contacts with the forum state," Plaintiff offers only conclusory allegations that the Vendor Defendants had contact with West Virginia. The second factor -- the quantity of Defendants' contacts -- appears to be non-existent during the relevant time period.  The relation of the cause of action to the contacts -- the third factor -- is relevant in distinguishing between specific and general jurisdiction. Based on evidence in the record that the Vendor Defendants had no contact with West Virginia, there is no general personal jurisdiction.

If Plaintiff's cause of action arose from or was related to Vendor Defendants' actions within West Virginia, the exercise of specific personal jurisdiction would be appropriate. Plaintiff argues that the Vendor Defendants placed their products -- advertising, public relations, and communications services -- into the stream of commerce, and thus specific personal jurisdiction is appropriate.[24]  There are two problems with this argument.  First, placing products into the stream of commerce, without more, does not automatically subject a defendant to a forum state's jurisdiction.[25]  Second, Plaintiff's causes of action neither arose from nor are related to Vendor Defendants' actions within the forum state. In *Stanton v. St. Jude Med. Inc.*, the Eighth Circuit affirmed the dismissal of defendant Spire for lack of personal jurisdiction.[26] Spire used a patented ion beam to apply a coating to bulk fabric supplied by another defendant as

---

[22]See *Dever v. Hentzen Coatings, Inc*., 380 F.3d 1070, 1075 (8th Cir. 2004) (citing *Falkirk Mining Co.* v. *Japan Steel Works*, *Ltd*., 906 F.2d 369, 376 (8th Cir. 1990)).

[23]*Sondergard*, 985 F.2d at 1392.

[24]Doc. No. 21.

[25]See *Dever*, 380 F.3d at 1075.

[26]*Stanton v. St. Jude Med., Inc*., 340 F.3d 690 (8th Cir. 2003).

a component part in the manufacture of heart valves.[27] The Eighth Circuit found that "[w]hatever contacts the fabric processed by Spire may have had with [the forum state] were the result of the actions of [the other defendant] and not of Spire."[28]  Here, if the Vendor Defendants had any contact with West Virginia, that contact was the result of the actions of the companies that hired the Vendor Defendants, and not the result of Vendor Defendants purposefully availing themselves of the laws of the forum state. Thus, there is no specific personal jurisdiction.

With respect to the fourth and fifth factors, there is no interest to the forum state in providing a convenient forum for its residents because neither Plaintiff nor the Vendor Defendants were residents of West Virginia.

## CONCLUSION

The Vendor Defendants did not have the sufficient minimum contacts with West Virginia to subject them to the jurisdiction of that state. Accordingly, the Vendor Defendants' Motion to Dismiss for Lack of Personal Jurisdiction is GRANTED.  Defendants DesignWrite LLC, DesignWrite, Inc., Ketchum, Inc., and Saatchi & Saatchi Healthcare Communications, Inc. are DISMISSED.

IT IS SO ORDERED this 14th day of January, 2008.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[27] *Id.* at 694.

[28] *Id.*